UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROADCASTING CORPORATION<br><br>Defendant. | CIVIL ACTION<br><br>FILE NO. CV-08-0028-RHW<br><br>FINAL JUDGMENT |

## FINAL JUDGMENT AGAINST DEFENDANT

## <u>INTERNATIONAL BROADCASTING CORPORATION</u>

Plaintiff, U.S. Securities and Exchange Commission ("SEC") filed a complaint in this matter, and Defendant International Broadcasting Corporation ("Defendant International Broadcasting") has, in his Consent hereto and incorporated herein, acknowledged receipt of the complaint and admitted the

FINAL JUDGMENT Page 1

15

personal jurisdiction of the Court over him and over the subject matter thereof, and without admitting or denying the allegations of the complaint, except as to jurisdiction, and without trial, argument or adjudication of any facts or law herein, consented to the entry of this Final Judgment Against Defendant International Broadcasting Corporation ("Final Judgment"). The SEC and Defendant International Broadcasting have waived the entry of findings of fact and conclusions of law, as provided by Rule 52 of the Federal Rules of Civil Procedure and Defendant International Broadcasting has waived any right to appeal from this Final Judgment. The Court having jurisdiction over the parties and the subject matter hereof, and being fully advised in the premises, hereby states:

## I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant International Broadcasting, his officers, agents, servants, employees, attorneys, assigns, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or any facility of any national securities exchange:

(a) employing any device, scheme or artifice to defraud; or

(b) making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §240.10b-5].

## II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant International Broadcasting's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant International Broadcasting shall comply with all of the undertakings and agreements set forth herein.

## III.

**IT IS HEREBY FURTHER ORDERED** that notice of this Order may be accomplished by delivery of a copy of the Order by first class mail, overnight delivery, facsimile, or personally by agents or employees of the Commission, upon

FINAL JUDGMENT Page 3

17

the Defendant.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, enforcement of the Final Judgment.

## V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is hereby directed to enter this Final Judgment.

**SO ORDERED:**

Dated this 25th day of February, 2008.

_____
**United States District Judge**
**Eastern District of Washington**

FINAL JUDGMENT Page 4

18